UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| YOUSIF Y. PIRA, | ) | CASE NO. 4:07 CV 2409 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTION CORPORATION | ) | AND ORDER |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 7, 2007, pro se plaintiff Yousif Y. Pira filed this Bivens[1] action against

Corrections Corporation of America ("CCA"), CCA Warden Robert Tapia, Assistant Warden G.

Gates, and Chaplain W. Zeyer.  In the complaint, plaintiff alleges that he is being denied a religious

dietary accommodation.  He also seeks monetary and injunctive relief.

**Background**

Mr. Pira states that he is a practicing Muslim who observes the practice of

consuming only Halal foods.  He indicates that the prison does not provide a specific Halal diet.

Muslim inmates may choose from a pork free diet or a vegetarian diet.  Mr. Pira contends that the

---

[1]  Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).  While plaintiff cites 42 U.S.C. §
1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

pork free diet does not satisfy the tenets of his religion because all meat must come from animals which have been slaughtered in a particular manner.  Simply avoiding pork products will not suffice.  He further alleges that he does not desire a vegetarian diet.  The prison does provide a Kosher diet, which includes kosher meat selections.  Mr. Pira indicates that Kosher meats are prepared in a manner which would satisfy the Halal requirements of his religion.  He submitted a request to the Chaplain to receive the kosher religious diet.  His request was denied for the stated reason that "the religious diet...is not available for the Moslim [sic] inmates in this institution." (Compl. Ex. 1.)  He filed grievances but received no relief.  Mr. Pira claims he is being denied the ability to practice his religion and has been denied equal protection.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, Mr. Pira's claims against CCA, Warden Tapia, and Assistant Warden G. Gates are dismissed pursuant to §1915(e).

A plaintiff cannot establish the liability of any defendant absent a clear showing that

---

[2]  An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The complaint simply contains no facts which reasonably indicate that CCA, the Warden, or the Assistant Warden were personally involved in the activities described in the pleading.

Moreover, it is evident on the face of the complaint that CCA was named as a defendant because it employs the Chaplain who made the decision to deny Mr. Pira the kosher meal diet.  "Supervisory liability under in a civil rights action cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior.  Id.  Liability therefore must lie upon more than a mere right to control employees and cannot rely on simple negligence.  Id.  The claim against CCA is clearly based on the failure of its superior officers to overturn the decision of the chaplain. This type of allegation fails to state a claim upon which relief may be granted.

It also appears that the Warden and Assistant Warden are named as defendants simply because they did not rule favorably on his grievances.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983.  Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999).  As Mr. Pira has failed to allege facts to reasonably indicate these defendants engaged in other activities which violated his constitutional rights, the claims against them are dismissed.

## Conclusion

Accordingly, the claims against CCA, Warden Robert Tapia, and Assistant Warden

3

G. Gates are dismissed pursuant to §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This action shall proceed solely against Chaplain W. Zeyer.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on this defendants and shall include a copy of this order in the documents to be served upon defendant.

IT IS SO ORDERED.


S/Peter C. Economus - 11/121/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE